**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| ELOISE HITCHCOCK, *et. al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) NO. 3:15-cv-01215 |
| | ) JUDGE CRENSHAW |
| CUMBERLAND UNIVERSITY 403(B) DC PLAN, *et. al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiffs, former employees of Cumberland University and beneficiaries under the 403(B) Plan, filed this action against the Cumberland University 403(B) DC Plan (the "Plan"), Cumberland University ("Cumberland"), and Does 1-10 (the "Plan Fiduciaries"), alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1332(a). Before the Court is Defendants' motion to dismiss. (Doc. No. 13.) For the following reasons, Defendants' motion is **GRANTED**.

I. ALLEGATIONS AND PROCEDURAL HISTORY

In 1966, Cumberland created the Plan to provide pension benefits to eligible employees. (Doc. No. 1 at 4.) The Plan is a tax-sheltered annuity plan, providing benefits for certain employees through annuity contracts or custodial accounts. (Id.) Plaintiffs are former employees of Cumberland and members of the Plan. (Id. at 2-4.)

In 2008, Cumberland provided its employees with a Summary Plan Description, informing participants that effective January 1, 2009, Cumberland will provide an annual employer matching contribution of five percent of the participant's salary to each participant's account. (Id. at 4.)

However, in 2013 and 2014, Cumberland—without notice to the Plan participants—did not make its matching contributions to the participant accounts. (Id.)

On October 9, 2014, Cumberland amended the Plan to replace the five percent annual match with a discretionary match, in which Cumberland would determine the amount of the employer matching contribution on a yearly basis. (Id.) Cumberland made this amendment retroactive, effective on January 1, 2013. (Id.) After the amendment, Cumberland announced that it would not be providing employer matching for the 2013-14 fiscal year. (Id. at 5.) On May 29, 2014, Judy Jordan, the Vice President for Finance at Cumberland, announced that Cumberland would not be providing employer matching for the 2014-15 fiscal year. (Id.)

On November 12, 2015, Plaintiffs filed this class action Complaint alleging four counts: (1) wrongful denial of benefits on behalf of the putative benefits class; (2) anti-cutback violation on behalf of the benefits class; (3) failure to provide notice on behalf of the notice class; and (4) breach of fiduciary duty on behalf of benefits and notice classes.

II. STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A legal conclusion couched as a factual allegation need not be accepted as true

on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

III. ANALYSIS

After Defendants answered the Complaint (Doc. No. 9), they filed the instant motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that: (1) Plaintiffs did not allege that they administratively exhausted their claims for benefits or that exhausting their claims would be futile; (2) Plaintiffs' claim that Defendants did not provide notice about the amendments to the plan are "unsupported by legal authority;" and (3) Defendants did not breach any fiduciary duties. (Doc. No. 14.)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be brought before the defendants file an answer. FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). However, the "standard of review for entry of judgment on the pleadings under Rule 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Rule 12(b)(6)." Jackson v. Heh, 215 F.3d 1326, at *3 (6th Cir. 2000). The labeling of motions are a technicality, and a motion to dismiss should not be denied because a party labeled the motion with the wrong section under Rule 12. See Satkowiak v. Bay Cnty. Sheriff's Dept., 47 Fed. Appx. 376 (6th Cir. 2002); Alualrob v. Synovus Mortg. Corp., No. 3:12-cv-0817, 2013 WL 1339220, at *2 (M.D. Tenn. Apr. 1, 2013), adopted in 2013 WL 1787991 (Apr. 26, 2013); Rowe v. Rembco Geotech. Contractors, Inc., No. 3:10-cv-164, 2010 WL 2812946, at *2 (E.D. Tenn. July 15, 2010). Therefore, the Court treats Plaintiffs' motion as one brought under Federal Rule of Civil Procedure 12(c).

A. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Defendants argue that Plaintiffs' first (denial of benefits), second (anti-cutback), and fourth (breach of fiduciary duty) counts should be denied because they failed to administratively exhaust their remedies and they did not plead that administratively exhausting their remedies would be futile. (Doc. No. 14 at 6-9.) They further contend that Count Three should be dismissed for failure to meet the pleading standard under Federal Rule of Civil Procedure 8(a).

Defendants do not deny that they failed to exhaust their administrative remedies, but instead argue that they "require discovery as to the identity of the fiduciaries charged with making administrative decisions . . . ." (Doc. No. 16 at 3.) Regarding Count Four, Defendants argue that more discovery is needed in order to determine whether a fiduciary relationship existed. (Id. at 4.)

ERISA requires employee benefit plans to provide internal dispute resolution procedures for participants whose claims for benefits have been denied. Weiner v. Klais and Co., Inc., 108 F.3d 86, 90 (6th Cir. 1997) (citing 29 U.S.C. § 1133(2)). The plan participant must exhaust his or her administrative remedies prior to commencing suit. Ravencraft v. UNUM Life Ins. Co. of Am., 212 F.3d 341, 343 (6th Cir. 2000); Weiner, 108 F.3d at 90. However, if resorting to the prescribed administrative remedies is "futile or the remedy inadequate," a district court has the discretion to excuse a participant from the exhaustion requirement under appropriate circumstances. Weiner, 108 F.3d at 90. "The standard for judging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." Coomer v. Bethesda Hosp. Inc., 370 F.3d 499, 505 (6th Cir. 2004); Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998). Plaintiffs must plead that they satisfied the exhaustion requirement and/or that exhaustion would be futile to survive dismissal. See Hill v. Blue Cross & Blue Shield

of Mich., 409 F.3d 710, 718-19, 721-23 (6th Cir. 2005) (analyzing a motion to dismiss for failure to exhaust); Productive MD, LLC v. Aetna Health, Inc., 857 F. Supp. 2d 690, 697 (M.D. Tenn. 2012) ("[I]t would plainly frustrate the purposes of ERISA's administrative exhaustion requirement if a plaintiff could survive a motion to dismiss simply by failing to state whether it exhausted administrative remedies in the first place when it was required to do so.").

Here, Plaintiffs did not allege that they exhausted their administrative remedies, nor that exhausting their administrative remedies would be futile. As such, Plaintiffs' wrongful denial of benefits on behalf of the benefits class claim is dismissed.

Count Two, the anti-cutback claim, also asks for damages in the amount of the lost benefits from the Plan amendment. Because Plaintiffs did not exhaust their administrative remedies, this claim is also dismissed.

As to Count Four, the Sixth Circuit has not determined whether a breach of fiduciary duty under ERISA claim must be administratively exhausted. Hill, 409 F.3d at 717. Instead, it resolves the cases "on the grounds that exhaustion would be futile or that the fiduciary-duty is merely a repackaging claim for individual benefits which the beneficiary must administratively exhaust before filing suit." Id. Defendants argue that the fiduciary-duty count is a repackaging for individual benefits. (Doc. No. 14 at 8.) The complaint supports this argument, as it asks for damages in the amount of the five percent matching that the Plan eliminated in its amendment. (Doc. No. 1 at 11-12.) Plaintiffs do not respond to this argument in their response to the motion to dismiss. (See Doc. No. 16.) As such, the Court agrees that, as a matter of law, Plaintiffs were required to administratively exhaust this claim and did not. This claim is also dismissed.

B. COUNT THREE

Defendants argue that the Court should dismiss Count Three for failing to plead the claim with particularity the language in the Plan requires notice that, under Federal Rule of Civil Procedure 8(a). Plaintiffs do not respond to this argument. Where a plaintiff fails to respond to an argument in a motion to dismiss, she waives any opposition to that argument. Humphrey v. United States Att'y Gen.'s Office, 279 Fed. Appx. 328, 331 (6th Cir. 2008). For this reason alone, Defendants' motion to dismiss Count Three is granted. Additionally, the Court has made an independent review of the pleadings in the light most favorable to Plaintiffs and determines that Plaintiffs failed to state a claim upon which relief can be granted in Count Three. Therefore, Count Three is dismissed.

IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 13), construed as a motion for judgment on the pleadings, is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE** so that Plaintiffs may administratively exhaust their claims. The Court will file an accompanying order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE